UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **TERRANCE HAWKINS,** | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|   vs. | ) CAUSE NO. 1:12-cv-1559-WTL-MJD |
| | ) |
| **CITY OF LAWRENCEBURG, et al.,** | ) |
| | ) |
|   Defendants. | ) |

### ENTRY ON MOTION TO TRANSFER

    This cause is before the Court on the Defendants' motion to transfer this case from the Indianapolis Division of this district to the New Albany Division of this district. The motion is fully briefed and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

    In their motion, the Defendants incorrectly assert that the Indianapolis Division is not a proper venue for this case and that the only proper venue is the New Albany Division because all of the parties and witnesses reside in, and all of the relevant events occurred in, Dearbon County, Indiana, which is located within the New Albany Division's boundaries. That assertion is clearly incorrect. 28 U.S.C. § 1391 provides, in relevant part:

    (b) Venue in general.—A civil action may be brought in—

    (1) a judicial district in which any defendant resides, if all defendants are residents
        of the State in which the district is located; [or]

    (2) a judicial district in which a substantial part of the events or omissions giving
        rise to the claim occurred, or a substantial part of property that is the subject of
        the action is situated . . . .

The statute does not differentiate between the various divisions located within judicial districts; accordingly, if, as the Defendants assert, venue is proper in the New Albany Division, then it is also proper in the Indianapolis Division.[1]

Pursuant to 28 U.S.C. § 1404(a), a court may transfer a case from one division to another within the same district "[f]or the convenience of parties and witnesses, in the interest of justice." Ordinarily "[t]here is a strong presumption in favor of the plaintiff's choice of forum," *Zelinski v. Columbia 300, Inc.*, 335 F.3d 633, 643 (7th Cir. 2003); however, the Defendants properly note that "this factor has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff." *Chicago, R. I. & P. R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir.1955) (citations omitted). That said, however, the Defendants have failed to demonstrate that the New Albany Division would be more convenient for either the parties or the witnesses in this case. Rather, the Plaintiff asserts in his response to the instant motion, and the Defendants do not dispute, that Indianapolis is actually a bit closer to Dearborn County than New Albany is. Accordingly, neither forum is more convenient than the other.

Also relevant to the inquiry is the "interest of justice," which "is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Inasmuch as there is neither a district court judge nor a magistrate judge located in New Albany, the taxpayers would have to shoulder the expense of judicial officers and staff traveling for any trial or other court proceedings that could not be conducted telephonically. While this expense would certainly be justified if it were incurred to make a more convenient forum available for

---

[1] The Court notes that while the Defendants allege that the Indianapolis Division is not a proper venue, they seek transfer to the New Albany Division pursuant to 28 U.S.C. § 1404(a), which applies to transfers from one proper venue to another, more convenient venue. The statute that applies to transfers from an improper venue to a proper one is 28 U.S.C. § 1406(a).

witnesses and the parties, in this case, as noted, that would simply not be the case.  Accordingly, the balance of the relevant factors in this case leads the Court to conclude that the case should remain in the Indianapolis Division.

    SO ORDERED: 02/06/2013

                                         Hon. William T. Lawrence, Judge
                                         United States District Court
                                       Southern District of Indiana

Copies to all counsel of record via electronic notification